UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:16-CV-00159-HBB

GLENN AARON ARMISTEAD    PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
**Commissioner of Social Security**    DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Glenn Aaron Armistead ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 17) and Defendant (DN 18) have filed a Fact and Law Summary. Additionally, Plaintiff is filed a motion for relief (DN 16).

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 13). By Order entered March 17, 2017 (DN 14), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

Plaintiff protectively filed an application for Supplemental Security Income on September 16, 2015 (Tr. 11, 236-41). Plaintiff alleged that he became disabled on November 1, 2013 as a result of a leg amputation, depression, posttraumatic stress disorder, and high blood pressure (Tr. 11, 267). Administrative Law Judge Jason R. Yoder ("ALJ") conducted a hearing on August 30, 2016 in Evansville, Indiana. Plaintiff was present and represented by attorney S. Ryan Vanover, who participated by telephone (Tr. 11). Tina Stambaugh was present and testified as a vocational expert during the hearing (Id.).

In a decision dated September 14, 2016 the ALJ evaluated Plaintiff's adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 11-23). At the first step, the ALJ found that Plaintiff has not engaged in substantial gainful activity since September 16, 2015 the application date (Tr. 14). At the second step, the ALJ determined that Plaintiff has the following severe impairments: "left lower extremity below-the-knee amputation with some residual phantom pain, alcohol use disorder in sustained partial remission, cannabis use disorder in partial remission, cocaine use disorder in remission, amphetamine-type use disorder in remission, intermittent explosive disorder (IED), panic disorder, unspecified depression disorder, and antisocial personality disorder" (Id.). Notably, at the second step, the ALJ also determined that Plaintiff's benign hypertension and vitamin D deficiency are "non-severe" impairments within the meaning of the regulations (Id.). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. Id.).

At the fourth step, the ALJ made the following finding regarding Plaintiff's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except he can lift and carry 10 pounds occasionally and less than 10 pounds frequently. He can sit for at least 6 out of 8 hours, and stand and walk for about 2 out of 8 hours. He cannot push, pull, or operate foot controls with his left lower extremity. He can never climb ladders, ropes, or scaffolds, kneel, or crawl. He can occasionally climb ramps and stairs, balance, stoop, and crouch. He must avoid all exposure to dangerous work hazards such as exposed moving machinery in unprotected heights. He can understand and remember simple instructions, and carry out simple, routine tasks that require little independent judgment or decision-making. He should not perform tasks that have stringent speed or strict rate-based production requirements, and involving few, if any, daily changes in a work task or work environment. He can have occasional, intermittent interaction with co-workers and supervisors. He can have no interaction with the public.

(Tr. 17). The ALJ found that Plaintiff has no past relevant work (Tr. 22).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 22-23). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Id.). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from September 16, 2015, the date that the application was filed, through the date of the decision, September 14, 2016 (Tr. 23).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 7). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4).

CONCLUSIONS OF LAW

The Court has construed the complaint (DN 1), the motion for relief (DN 16), and the fact and law summary (DN 17) in *pro se* Plaintiff's favor, as required by Haines v. Kerner, 404 U.S. 519, 520-521 (1972). Plaintiff raises numerous claims, including, but not limited to: (1) the wrongful denial of Supplemental Security Income benefits; (2) discrimination by the Social Security Agency (presumably as a result of the decision not to award benefits); (3) concealment as a result of some unspecified conduct by the Agency; (4) civil fraud as a result of some unspecified conduct by the Agency; (5) a violation of the False Claim Act as a result of some unspecified conduct by the Agency; (6) a violation of his civil rights as a result of some unspecified conduct by the Agency; and (7) identification theft (DN 16, 17).

Sovereign immunity protects the United States and its agencies from suit unless there is a waiver. The United States has waived sovereign immunity as to the Commissioner's final decisions denying Social Security benefits, allowing private parties to bring actions for judicial review under 42 U.S.C. § 405(g) and 405(h) of the Social Security Act. *See* Matthews v. Eldridge, 424 U.S. 319, 327 (1976).

Pursuant to 42 U.S.C. § 405(g), review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 374 (6th Cir. 2013); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011); Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir.

1986). However, Plaintiff is not challenging on either basis the findings set forth in the final decision of the Commissioner (Tr. 11-23).

Subject matter jurisdiction over Plaintiff's claims would normally arise under 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1346(b)(1) (the Federal Tort Claims Act). However, Congress has strictly limited the Court's subject matter jurisdiction over actions brought against the Commissioner:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under **section 1331 or 1346 of Title 28** to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (emphasis added). Clearly, § 405(h) bars Plaintiff from proceeding with these claims against the Commissioner under §§ 1331 and 1346(b)(1) because they arise out of Plaintiff's claim for Social Security Benefits. To the extent that Plaintiff may be asserting a discrimination claim under the Due Process or Equal Protection clauses to the United States Constitution, the Court lacks jurisdiction to consider such a claim because it arises out of the denial of Social Security benefits. *See* Schweiker v. Chilicky, 487 U.S. 412, 414-29 (1988) (when the due process claim arises out of the handling of a request for Social Security benefits the courts have no jurisdiction to consider the claim under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) because Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration). In sum, the Court lacks subject matter jurisdiction over Plaintiff's claims.

As previously mentioned, Plaintiff is not challenging any of the findings set forth in the final decision of the Commissioner (Tr. 11-23). In recognition of Plaintiff's *pro se* status, the

5

Court has made a thorough review of the ALJ's decision and the administrative record. The Court concludes that the final decision of the Commissioner is supported by substantial evidence in the record and fully comports with applicable law. Therefore, the final decision of the Commissioner will be upheld.

ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** judgment is **GRANTED** for the Commissioner.

Copies:   Glen A. Armstead, *pro se*
          Counsel